EDWARD Y. KIM
Acting United States Attorney
Southern District of New York
By:     DAVID J. KENNEDY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2733
david.kennedy2@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : 25 Civ. _____ (____) |
| | : |
| v. | : |
| | : |
| THE CITY OF NEW YORK DEPARTMENT OF PARKS & RECREATION, THE HISTORIC HOUSE TRUST, and THE VAN CORTLANDT HOUSE MUSEUM, | : **COMPLAINT** |
| | : |
| Defendants. | : |
| | : |

------------------------------------------------------------------ x

The United States of America, by its attorney Edward Y. Kim, Acting United States Attorney for the Southern District of New York, alleges as follows:

1.   This is a civil action brought to redress discrimination on the basis of disability in violations of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12131 et seq., and its implementing regulation, 28 C.F.R. Part 35; as well as Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 et seq., and its implementing regulations, 28 C.F.R. Part 36.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 12188(b)(1)(B) and 28 U.S.C. §§ 1331 and 1345.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), because the inaccessible facility is located in this District, in the southwestern corner of Van Cortlandt Park in the Bronx.

## THE PARTIES

4. Plaintiff is the United States of America.

5. Defendant Department of Parks & Recreation ("Parks") is a public entity under Title II of the ADA and thus subject to the statute's non-discrimination mandate. 42 U.S.C. § 12131(1)(B); 28 C.F.R. § 35.104.

6. Defendant Historic House Trust ("HHT") operates a place of public accommodation within the meaning of Title III of the ADA, a museum located in a public park that is generally open to the public. *See* 42 U.S.C. § 12181(7)(H).

7. Defendant the Van Cortlandt House Museum ("VCHM") was constructed in 1748 as the residence of the Van Cortlandt family, and consists of four stories, including a basement which is now used as a gathering place for school groups and other community purposes, connected by stairways (the "House"). In 1910, a caretaker's cottage was constructed in 1910, and subsequently connected to the House, and now serves as a welcome center and gift shop (the "Cottage"). The VCHM is an existing facility that operates services, programs, and activities, and owned and operated by Parks and HHT.

8. The United States opened an investigation of VCHM in response to a complaint made by a person with disabilities that VCHM was inaccessible to persons who rely on wheelchairs for mobility.

## STATUTORY AND REGULATORY BACKGROUND

9. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see also* 28 C.F.R. § 35.149.

10. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182. HHT owns and operates a "place of public accommodation" because the VCHM is a "museum . . . or other place of public display or collection." 42 U.S.C. § 12181(7)(H).

## FACTS

11. Defendants have failed to remove architectural barriers at the VCHM even though such removal is readily achievable, and that failure has injured persons with disabilities. The existence of such barriers excludes qualified individuals with disabilities from the benefits of the services, programs, and activities of Parks, and denies individuals with disabilities the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations of any place of public accommodation.

12. Architectural barriers to access that have existed, and/or continue to exist, at VCHM include, but are not limited to, the following:

    A. <u>The Cottage</u>. The Cottage serves as a welcome center and gift shop.

        a. <u>Virtual Tour Available at the Cottage</u>: Parks and VCHM do not currently maintain iPads or similar tablet devices for visitors which shall allow a 360 degree tour of the entirety of VCHM, thereby "[u]sing audio-visual materials and devices to depict those portions of historic properties that cannot otherwise be made accessible." 28 C.F.R. § 35.150(b)(3)(i).

        b. <u>Route to the Cottage</u>:

            (i) The surface of the route to the stone walkway is loose crushed stone, while the stone walkway up to the door of the Cottage is loose pavers. Ground surfaces must be stable, firm, and slip resistant. *See* 2010 Standards for Accessible Design ("2010 Standards") §§ 206.2.1, 402.2, 403.2, 302.1.

            (ii) A 6-inch change in level is located between the ground surface and the stone walkway, and a 7 inch change in level is located between the stone walkway and the porch of the Cottage. Changes in level greater than ½ inch high must be ramped. *See* 2010 Standards §§ 206.2.1, 402.2, 403.4, 303.4.

    c. <u>Entrance to the Cottage</u>:

        (i)      A 4½ inch change in level is located between the porch and the door threshold, in excess of the ½ inch change in level permitted by 2010 Standards §§ 206.2.1, 402.2, 403.4, 303.4.

        (ii)     The door threshold is 1 inch high, in excess of the ½ inch high maximum permitted by 2010 Standards §§ 206.5.1, 404.2.5, 303.

        (iii)    The screen door and entrance door have knob hardware, which requires tight grasping and twisting. the 2010 Standards §§ 206.5.1, 404.2.7, 309.4 require that operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist.

        (iv)    A tactile sign identifying the exit door in raised characters and Braille is not provided. See 2010 Standards §§ 216.4.1, 703.1, 703.2, 703.5.

    d. <u>Interior of the Cottage</u>.

        (i)      The door threshold is 1 inch high. Thresholds shall be ½ inch high maximum. Changes in level of ¼ inch high maximum shall be permitted to be vertical. Changes in level between ¼ inch high minimum and ½ inch high maximum shall be beveled with a slope not steeper than 1:2. *See* 2010 Standards §§ 206.5.1, 404.2.5, 303.

        (ii)        The door has knob hardware, which requires tight grasping and twisting. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. *See* 2010 Standards §§ 206.5.2, 404.2.7, 309.4.

    e.    <u>Cottage Hallway to Unisex Restroom</u>.

(i)    The hallway is 34 inches wide. The clear width of walking surfaces shall be 36 inches minimum. *See* 2010 Standards §§ 206.2.4, 402.2, 403.5.1.

(ii)    The leading edge of the light fixtures is 70 inches above the finish floor, and they protrude 9 inches into the circulation path. Objects with leading edges more than 27 inches and not more than 80 inches above the finish floor shall protrude 4 inches maximum horizontally into the circulation path. *See* 2010 Standards §§ 204.1, 307.2.

        (iii)        The leading edge of the box is 69 inches above the finish floor, and it protrudes 5 inches into the circulation path. Objects with leading edges more than 27 inches and not more than 80 inches above the finish floor shall protrude 4 inches maximum horizontally into the circulation path. *See* 2010 Standards §§ 204.1, 307.2.

        (iv)        The leading edge of the fire extinguisher cabinet is 38½ inches above the finish floor, and it protrudes 5 inches into the circulation path. Objects with leading edges more than 27 inches and not more than 80 inches above the finish floor shall

protrude 4 inches maximum horizontally into the circulation path. *See* 2010 Standards §§ 204.1, 307.2.

f. <u>First Floor Unisex Restroom</u>.

(i) The clear opening width of the door is 27½ inches. Door openings shall provide a clear width of 32 inches minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees. *See* 2010 Standards §§ 206.5.2, 404.2.3.

(ii) The door has knob hardware, which requires tight grasping and twisting. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. *See* 2010 Standards §§ 206.5.2, 404.2.7, 309.4.

(iii) The maneuvering clearance perpendicular to the push side of the door is 34 inches. The maneuvering clearance perpendicular to the door shall be 42 inches for a latch side approach to the push side of the door. *See* 2010 Standards §§ 206.5.2, 404.2.4.1.

(iv) No maneuvering clearance is provided beyond the latch on the pull side of the door. The maneuvering clearance on the latch side of the door shall be 18 inches for a forward approach to the pull side of the door. *See* 2010 Standards §§ 206.5.2, 404.2.4.1.

(v) The door threshold is ½ inch high and is not beveled. Changes in level of ¼ inch high maximum shall be permitted to be vertical. Changes in level

|      | |
|------|-|
|      | between ¼ inch high minimum and ½ inch high maximum shall be beveled with a slope not steeper than 1:2. *See* 2010 Standards §§ 206.5.2, 404.2.5, 303. |
| (vi) | A turning space is not provided in the bathroom. A 60 inch minimum diameter or t-shaped turning space shall be provided. *See* 2010 Standards §§ 213.2, 603.2.1, 304. |
| (vii) | The water closet clearance is less than 60 inches wide. Clearance around a water closet shall be 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall. *See* 2010 Standards §§ 213.2, 213.3.2, 604.3.1. |
| (viii) | No grab bars are provided for the water closet. The side wall grab bar shall be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. The rear wall grab bar shall be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side. *See* 2010 Standards §§ 213.2, 213.3.2, 604.5, 609. |
| (ix) | No knee and toe clearance is provided underneath the lavatory. The knee clearance shall be 11 inches deep minimum at 9 inches above the finish floor, and 8 inches deep minimum at 27 inches above the finish floor. The toe clearance shall be 30 inches wide and shall extend 17 inches minimum under the lavatory. *See* 2010 Standards §§ 213.2, 213.3.4, 606.2, 306. |

    (x)    The wall mounted mirror is higher than 40 inches above the finish floor to the bottom edge of the reflecting surface. Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor. *See* 2010 Standards §§ 213.2, 213.3.5, 603.3.

    (xi)    The trash can obstructs the clear floor space at the lavatory. Clear floor space, 30 inches minimum by 48 inches minimum, shall be provided. A public entity shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. *See* 2010 Standards §§ 205.1, 309.2, 305, and 28 C.F.R. § 35.133(a).

    (xii)    The side reach to the paper towel dispenser control is not within an accessible reach range. Where a clear floor space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches. *See* 2010 Standards §§ 205.1, 309.3, 308.2.

    B.    <u>The House</u>. The House is the portion of VCHM first constructed in 1748 and has been preserved in a condition similar to its original state. As a result, the House is the primary feature of the museum.

a.    <u>First Floor</u>. The first floor contains two parlor rooms and a dining room. The exterior walkway from the welcome center to the house museum has a stairway with four steps in the middle of the walkway, an additional step at the entrance, and a narrow entrance door.

(i) It is feasible to provide access to the museum entrance by installing a 40 foot long ramp with an intermediate landing located within the herb garden.

(ii) Removing the existing entrance door and frame and utilizing the interior hallway door, equipped with an automatic door opener, as the entrance door would provide sufficient clear opening width at the house museum entrance.

(iii) A 6 inch change in level is located between the upper walkway and the entrance to the house museum. Changes in level greater than ½ inch high shall be ramped. *See* 2010 Standards §§ 206.2.1, 402.2, 403.4, 303.4.

(iv) The clear opening width of the door is 28 inches. Door openings shall provide a clear width of 32 inches minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees. *See* 2010 Standards §§ 206.5.1, 404.2.3.

(v) The door has knob hardware, which requires tight grasping and twisting. Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. *See* 2010 Standards §§ 206.5.1, 404.2.7, 309.4.

(vi) In the West Parlor, the doorway threshold is 1 inch high, and in the East Parlor, the doorway threshold is 1½ inches high. Thresholds shall be ½ inch high maximum. Changes in level of ¼ inch high maximum shall be permitted to be vertical. Changes in level between ¼ inch high minimum

        and ½ inch high maximum shall be beveled with a slope not steeper than 1:2. *See* 2010 Standards §§ 206.5.2, 404.2.5, 303.

    (vii)    In the West Parlor, the clear floor space inside the room between the gate and the door threshold is 31 inches deep, and in the East Parlor, the clear floor space inside the room between the gate and the door threshold is 32 inches deep. Clear floor space, 30 inches minimum by 48 inches minimum, shall be provided. *See* 2010 Standards §§ 206.2.4, 305.

    (viii)    In the East Side Hallway to East Stairway and Dining Room, the door threshold is 1 inch high. Thresholds shall be ½ inch high maximum. Changes in level of ¼ inch high maximum shall be permitted to be vertical. Changes in level between ¼ inch high minimum and ½ inch high maximum shall be beveled with a slope not steeper than 1:2. See the 2010 Standards §§ 206.5.2, 404.2.5, 303.

b. <u>Second and Third Floors:</u> The second floor contains bedrooms, and the third floor contains a nursery room. The main stairway and side stairway in the east hallway of the house provide access to the second and third floors. Accordingly, pursuant to 28 C.F.R. § 35.150(b)(3)(i), Parks and VCHM must "[use] audio-visual materials and devices to depict those portions of historic properties that cannot otherwise be made accessible."

    c.   <u>Herb Garden</u>: There is a decorative herb garden between the Cottage and the House.

        (i)   A 4 inch change in level is located between the ground surface and the walkway to the herb garden. Changes in level greater than ½ inch high shall be ramped. *See* 2010 Standards §§ 206.2.2, 402.2, 403.4, 303.4.

        (ii)   The route to the herb garden walkway has openings greater than ½ inch wide between the bricks. Openings in ground surfaces shall not allow passage of a sphere more than ½ inch diameter. *See* 2010 Standards §§ 206.2.2, 402.2, 403.2, 302.3.

        (iii)   The surface of the walkway through the garden is pea gravel. Ground surfaces shall be stable, firm, and slip resistant. *See* 2010 Standards §§ 206.2.2, 402.2, 403.2, 302.1.

        (iv)   A 6 inch change in level is located between the herb garden and the brick walkway to the Caretaker's Cottage and the House Museum. Changes in level greater than ½ inch high shall be ramped. *See* 2010 Standards §§ 206.2.2, 402.2, 403.4, 303.4.

    d.   <u>Walkway Surfaces</u>: The surface of the walkways surrounding the house museum exterior is loose crushed stone. Ground surfaces shall be stable, firm, and slip resistant. *See* 2010 Standards §§ 206.2.2, 402.2, 403.2, 302.1.

   C.   <u>The Basement Community Room of the House</u>. The basement community room is used for school field trips. An exterior stairway and the house east side stairway provide access to the basement community room. An accessible route is not currently provided to the basement community room.

      a. <u>Lift Installation</u>: A limited-use, limitation application elevator (LULA) can be installed to access the basement.

      b. <u>Signage</u>: A tactile sign identifying the exit door in raised characters and Braille is not provided. Doors at exit passageways, exit discharge, and exit stairways shall be identified by a tactile sign in raised characters and Braille. *See* 2010 Standards §§ 216.4.1, 703.1, 703.2, 703.5.

## CLAIM FOR RELIEF

### FIRST CLAIM

**Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132**

13. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 of this Complaint as if fully set forth in this paragraph.

14. Based on the violations identified in Paragraph 12, Defendant Parks and VCHM (1) failed to afford "a qualified individual with a disability an opportunity to participate in or benefit from [an] aid, benefit, or service that is not equal to that afforded others," 28 C.F.R. § 35.130(b)(1)(ii); (2) failed to "operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities," *id.* § 35.150(a); (3) excluded people with disabilities from the "benefits of the services, programs, or activities of" these public entities, *id.* § 35.149; and (4) failed to "operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities," 28 C.F.R. § 35.150(a).

15. All conditions precedent to the filing of this Complaint have occurred or been

performed. *See* 28 C.F.R. pt. 35, subpt. F.

## SECOND CLAIM

### Violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182

16. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 15 of this Complaint as if fully set forth in this paragraph.

17. By failing to remove the barriers identified in paragraph 12, where such removal is readily achievable, Defendant HHT has violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv), and 28 C.F.R. § 36.304.

18. By failing to undertake alternatives to barrier removal to the extent it is readily achievable to do so, Defendant HHT has violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter judgment that:

A. Declares that

(1) Parks has violated Title II of the ADA, 42 U.S.C. § 12182, at VCHM by excluding qualified individuals with disabilities from the benefits of the services, programs, and activities of Parks;

(2) Declares that HHT has violated Title III of the ADA by denying individuals with disabilities the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations of any place of public accommodation;

B. Enters an injunction requiring Defendants to remove the barriers to access identified in paragraph 12 above;

C.     Orders such other appropriate relief as the interest of justice may require.


Dated: _January 17___, 2025

                    KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division
U.S. Department of Justice

EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York
Attorney for Plaintiff
United States of America

By:     __/s/ David J. Kennedy_____
DAVID J. KENNEDY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.:  (212) 637-2733
david.kennedy2@usdoj.gov